UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

| | |
|---|---|
| CALVIN REID and MAMIE REID, co-Personal Representatives of the ESTATE OF CALVON ANDRE REID, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF COCONUT CREEK, SGT. DAVID FREEMAN, SGT. DARREN KARP, OFC. THOMAS EISENRING, and OFC. DANIEL RUSH, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, City of Coconut Creek, Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush (collectively, the "Defendants"), in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, give notice of the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. As grounds for removal the Defendants state as follows:

1.     On or about August 11, 2015, Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of Calvon Andre Reid ("Plaintiffs"), filed an action in the Seventeenth Judicial Circuit in and for Broward County, Florida.[1] The case is styled *Calvin Reid*

---

[1] From the docket, it appears the action was initially filed as a petition "for Approval of Contract

*and Mamie Reid v. City of Coconut Creek, et al.*, and is designated Case No. CACE-15-014262 (the "Action"). Defendants were served with the summons and an amended complaint in the Action for the first time on September 17, 2015, along with a request for production directed to all Defendants and interrogatives directed at the individual defendants. No other pleading or process has been served upon Defendants in the Action.

2. Section 1446(b) of Title 28 requires that any notice of removal be filed within 30 days of the moving party's receipt of the initial pleading setting forth the claim for relief upon which the action is based. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date Defendants received a copy of the summons and complaint.

3. The Action is properly removable under 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Here, the United States District Court has jurisdiction of the Action under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States."

5. The Action in the Circuit Court is a civil action stating a claim which is

---

for Services & Division of Attorney's Fees between Lawyers and Petitioner's Motion to Determine Confidentiality of Court Records/Motion to Seal Court File." That filing was sealed by order dated August 17, 2015, and is not available to Defendants. However, no defendants were named at the time. After the petition was granted, a Complaint was filed on September 3, 2015, which has also been sealed, was never served on Defendants, and is unavailable to them. It is unknown whether any defendants were named in that pleading. Finally, an Amended Complaint was filed on September 3, 2015, naming Defendants, and summonses were issued for Defendants for the first time on the same day, September 3, 2015.

removable, as it appears from the record attached hereto as Composite Exhibit "A." Specifically, Counts I and II of the complaint (titled "Civil Rights Violations" and "42 U.S.C. § 1983 Civil Rights Violations," respectively) are brought under 42 U.S.C. § 1983 based on alleged violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Therefore, the United States District Court for the Southern District of Florida has jurisdiction over this action because this is a civil action arising under federal law. *See Spencer v. S. Florida Water Mgmt. Dist.*, 657 F. Supp. 66, 67 (S.D. Fla. 1986); *Doran v. City of Clearwater, Fla.*, 814 F. Supp. 1077, 1078 (M.D. Fla. 1993).

6. The Amended Complaint also contains state tort claims stemming from the same nucleus of operative fact which are alleged to constitute a violation of the United States Constitution. *See* Amended Complaint pages 11, 12, 13, and 14. Said state tort claims are removable under 28 U.S.C. §1441(c). *See also* 28 U.S.C. § 1367; *Liebman v. Deutsche Bank Nat. Trust Co.*, 462 Fed. Appx. 876, 878 (11th Cir. 2012) ("A district court may also exercise supplemental jurisdiction over state-law claims that form part of the federal case or controversy, or, more specifically, 'arise out of a common nucleus of operative fact with a substantial federal claim.'") (quoting *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742–43 (11th Cir. 2006)).

7. Under 28 U.S.C. § 1441(a), this Court is the proper forum for removal of the Action because it is the federal court for the district and division embracing the place where the state court suit is pending.

8. In accordance with 28 U.S.C. § 1446(d), Plaintiffs are being provided with written notice of the filing of this Notice of Removal.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed

3

with the Clerk of the Court for the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

10. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, papers, and orders served upon Defendants in the Action are attached to this Notice of Removal as Exhibit "A."

11. By filing this Notice of Removal, Defendants do not intend to waive any available defenses; no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

WHEREFORE, Defendants, Defendants, City of Coconut Creek, Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush, hereby remove this case from the Circuit Court for the Seventeenth Judicial Circuit in Broward County, Florida, to the United States District Court for the Southern District of Florida, and respectfully request that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

Dated: October 7, 2015

Respectfully submitted,

Of Counsel:
Terrill C. Pyburn
TPyburn@coconutcreek.net
, 4800 W. Copans Road
Coconut Creek, FL 33063
Telephone: (954) 973-6797
Facsimile:  (954) 973-6790

*City Attorney for the
City of Coconut Creek*

/s/ Joan Carlos Wizel
Onier Llopiz (Fla. Bar No. 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (Fla. Bar No. 37903)
jcw@lydeckerdiaz.com
Colby E. Grossman (Fla. Bar No. 113295)
ceg@lydeckerdiaz.com
LYDECKER │ DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for the Defendants City of Coconut Creek, Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF and via U.S. Mail on all counsel or parties of record on the Service List below.

/s/ Joan Carlos Wizel
Joan Carlos Wizel
Fla. Bar No. 37903

## **SERVICE LIST**

Jack Scarola, Esq.
jsx@searcylaw.com
Patrick E. Quinlan, Esq.
peq@searcylaw.com
QuinlanTeam@searcylaw.com
Searcey Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33409

*Counsel for Plaintiffs*

Jarrett D. Blakeley, Esq.
jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

*Co-counsel for Plaintiffs*