# Exhibit A

Filing # 31699265 E-Filed 09/03/2015 04:32:13 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

        Plaintiff,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

        Defendants.

_____/

*9·17·15*

*12/5ᵖᵐ*

*NO& #362*

## S U M M O N S:

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**City of Coconut Creek**
**c/o Mayor Becky Tooley**
**4800 West Copans Road**
**Coconut Creek, FL 33063**

Each defendant is required to serve written defenses to the complaint or petition on Jack Scarola, Esquire and Patrick E. Quinlan, Esquire, Plaintiff's attorney, whose address is Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of Court, Circuit Civil Division, Broward County, either before service on plaintiff's attorney or immediately thereafter, and to serve written responses to the Interrogatories and Request to Produce within 45 days after service. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

DATED on _____ SEP 15 2015 _____, 20___.

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
       Deputy

HOWARD C. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator; Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711.

Filing # 31699265 E-Filed 09/03/2015 04:32:13 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

      Plaintiffs,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

      Defendants.

_____/

**CIVIL ACTION SUMMONS**

*9·17·15*
*12/5ᵖ*
*Ok #362*

### S U M M O N S:
### PERSONAL SERVICE ON A NATURAL PERSON

TO:    **Sgt. David Freeman**
        **Coconut Creek Police Department**
        **4800 West Copans Road**
        **Coconut Creek, FL 33063**

### I M P O R T A N T

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, and to serve written responses to the Interrogatories and Request to Produce within 45 days after service with the clerk of this Court, Circuit Civil Division, Broward County. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

Printed with pdfFactory trial version - purchase at www.pdffactory.com

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiffs' Attorneys

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

SEP 15 2015
DATED on _____, 2015.

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
Deputy Clerk

HOWARD C. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator, Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711.

Filing # 31699265 E-Filed 09/03/2015 04:32:13 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

            Plaintiffs,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

            Defendants.
_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

**TO:    Sgt. Darren Karp**
        **Coconut Creek Police Department**
        **4800 West Copans Road**
        **Coconut Creek, FL 33063**

**I M P O R T A N T**

        A lawsuit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint, and to serve written responses
to the Interrogatories and Request to Produce within 45 days after service with the clerk of this
Court, Circuit Civil Division, Broward County. A phone call will not protect you. Your written
response, including the case number given above and the names of the parties, must be filed if
you want the Court to hear your side of the case. If you do not file your response on time, you
may lose the case, and your wages, money, and property may thereafter be taken without further
warning from the Court. There are other legal requirements. You may want to call an attorney
right away. If you do not know an attorney, you may call an attorney referral service or a legal
aid office (listed in the phone book).

Printed with pdfFactory trial version - purchase at www.pdffactory.com

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiffs' Attorneys

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

                SEP 15 2015
DATED on _____, 2015.

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
                               Deputy Clerk

HOWARD C. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator; Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Filing # 31699265 E-Filed 09/03/2015 04:32:13 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

        Plaintiffs,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

        Defendants.

_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

**TO:**    **Ofc. Thomas Eisenring**
        **Coconut Creek Police Department**
        **4800 West Copans Road**
        **Coconut Creek, FL 33063**

**I M P O R T A N T**

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, and to serve written responses to the Interrogatories and Request to Produce within 45 days after service with the clerk of this Court, Circuit Civil Division, Broward County. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

PDF created with pdfFactory trial version www.pdffactory.com

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiffs' Attorneys

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED on _____SEP 15 2015_____, 2015.

CLERK OF THE CIRCUIT

BY: _____

HOWARD C. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator; Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711.

Filing # 31699265 E-Filed 09/03/2015 04:32:13 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

        Plaintiff(s),

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

        Defendant(s).
_____/

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

TO:    **Ofc. Daniel Rush**
       **Coconut Creek Police Department**
       **4800 West Copans Road**
       **Coconut Creek, FL 33063**

**I M P O R T A N T**

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, and to serve written responses to the Interrogatories and Request to Produce within 45 days after service with the clerk of this Court, Circuit Civil Division, Broward County.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

PDF created with pdfFactory trial version www.pdffactory.com

Printed with pdfFactory trial version - purchase at www.pdffactory.com

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiffs' Attorneys

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

SEP 15 2015
DATED on _____, 2015.

CLERK OF THE CIRCUIT

BY: _____

HOWARD C. FORMAN

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator; Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711.

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

Filing # 31979788 E-Filed 09/11/2015 04:41:18 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

CASE NO.: CACE-15-014262

        Plaintiffs,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

        Defendants.

_____/

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

    Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of Calvon Andre Reid (known as "Andre Reid"), sue Defendants, City of Coconut Creek (the "City"), Sgt. David Freeman ("Sgt. Freeman"), Sgt. Darren Karp ("Sgt. Karp"), Ofc. Thomas Eisenring (Ofc. Eisenring"), and Ofc. Daniel Rush ("Ofc. Rush"), and state:

### Introduction

    1.    This case involves the tragic killing of an unarmed African American man by law enforcement officers. The weapons used were Tasers. Officers of the Coconut Creek Police Department held, beat, and repeatedly tased 39-year-old Andre Reid, causing his death, which has been declared a homicide. Three officers involved in this homicide -- consistent with the widespread practice of the Coconut Creek Police Department -- violated state law that mandated regular training in the use of a Taser. They then used their Tasers in clear violation of the proper procedures. Had these law enforcement officers been required by the Coconut Creek Police

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

Department to obtain and observe the legally-mandated training, and had they respected the constitutional rights of a man peacefully asking for help, then Andre Reid, a beloved son and the father of two boys, would be alive today.

### Preliminary Matters

2.      This is a cause of action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest, and attorney's fees.

3.      Calvin Reid and Mamie Reid are the parents of Andre Reid and have been appointed co-Personal Representatives of his Estate through an order entered by the Broward County Circuit Court.

4.      At the time of his death, Andre Reid resided in Broward County, Florida.

5.      The City is a political subdivision of the State of Florida located within Broward County. The Coconut Creek Police Department is a department of the City.

6.      At all material times, Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush were employed as police officers with the Coconut Creek Police Department, acting within the course and scope of their employment. Each resided in Broward County.

7.      The acts at issue were committed, the death of Andre Reid occurred, and the causes of action arose in Broward County.

8.      All conditions precedent to suit have occurred, been performed, been waived, or been excused, specifically including full compliance with the presuit notice requirements of Florida Statute 768.28.

9.      Plaintiffs have retained the undersigned attorneys to prosecute this action on their behalf and have agreed to pay them a reasonable fee and to reimburse the costs of this action.

2

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

**Background Allegations**

*Coconut Creek Police Department: A Widespread Disregard for State Law*

10.    As of February 22, 2015, Police Chief Michael Mann was the policymaker for the
Coconut Creek Police Department on matters of law enforcement, including compliance with all
Florida Statutes that regulate or govern police conduct.

11.    Section 943.1717(5) of the Florida Statutes mandates annual Taser training:

> (5)    After completing the basic skills course, each law enforcement, correctional,
> and correctional probation officer who is authorized by his or her agency to use a
> dart-firing stun gun ***must complete an annual training course on the use of dart-***
> ***firing stun guns***. The annual training course on the use of dart-firing stun guns
> must be a minimum of 1 hour duration.

(Emphasis added).

12.    As of February 22, 2015, the Coconut Creek Police Department employed nearly
100 sworn law enforcement officers.  Over 80 of them, including then-Police Chief Mann, were
not current on their Taser certifications, having failed to comply with section 943.1717(5).

13.    Specifically, Sgt. Freeman had received just one Taser certification, on August 8,
2006.  He had been in violation of section 943.1717(5) for more than seven years on the night
that Andre Reid was killed.  Sgt. Karp had last received a Taser certification on March 1, 2006,
so he, too, had been in violation of state law for more than seven years.  Ofc. Rush was certified
on May 8, 2013, so he had been in violation of section 943.1717(5) for nearly a year.  Ofc.
Eisenring was certified on March 27, 2014, so his certification was due to expire the month after
Andre Reid was killed.

14.    After Andre Reid was killed through police misuse of Tasers (as described
below), the Coconut Creek Police Department, at the direction of Chief Mann, attempted to re-

3

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

certify its officers after the fact and then mislead the press and public concerning their certification status at the time of the killing.

15.     These actions of the Coconut Creek Police Department reflect both an awareness that they had violated the mandate of state law and a willingness, at the highest level, to conceal their violations.

16.     The officers' failure to comply with statutorily-mandated Taser training was known, was condoned by, and reflected an unwritten policy, custom, or practice of, the Coconut Creek Police Department.

17.     Moreover, the fact that four officers, including two veteran supervisors, acted in concert, with no one voicing any dissent as Andre Reid was killed, reflects a police department run amok.

### *The Death of Andre Reid: Homicide by Taser*

18.     In the early morning of February 22, 2015, Andre Reid approached Perry Weiss in the parking lot of the Wynmoor Village retirement community, a predominantly white neighborhood. Andre Reid did not look or act injured, but his shirt and pants were partially torn. Andre Reid was calm, polite, and non-aggressive. He did not seem upset or agitated. Andre Reid asked if Mr. Weiss could take him to the hospital. When Mr. Weiss said that he could not, Andre Reid asked whether he would call 911. Mr. Weiss agreed and called 911.

19.     Paramedics responded to Wyndmoor Village. Subsequently, so did four Coconut Creek Police Officers: Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush.

20.     At no time was Andre Reid threatening, aggressive, or disrespectful toward the police. Nonetheless, police acted on the baseless assumption that a black man in a white

4

neighborhood late at night must be doing something illegal. The officers detained Andre Reid, held him against his will, threatened him, beat him, tased him, and drove him to the ground.

21.     The violent overreaction was based on the color of Andre Reid's skin. Simply put, this would not have happened if Andre Reid had been a white man.

22.     The commotion attracted the attention of Wyndmoor Village residents, who looked outside and saw police officers holding Andre Reid face down in the grass, with a knee in his back and zip ties binding his wrists together. One of the officers kicked Andre Reid in the upper body. An officer was heard to yell, "I'll break your f***ing arm!" Andre Reid, in turn, yelled out, "Help, they are going to kill me!"

23.     The officers lifted Andre Reid up from the ground and stood him on his feet. Two officers proceeded to tase him again, this time with simultaneous shots in the chest. The other officers then threw Andre Reid back down on the ground. As they pushed his face into the grass, Andre Reid screamed, "I can't breathe, I can't breathe."

24.     A few minutes later, one of the officers observed that Andre Reid was not breathing. The officers rolled Andre Reid onto his back. The paramedics attempted CPR, but Andre Reid did not respond. He was loaded into an ambulance and taken to Northwest Medical Center in Margate.

25.     Andre Reid died in the hospital two days later, as a result of the Taser-related injuries inflicted by the officers.

26.     The Certification of Death issued by the State of Florida Bureau of Vital Statistics, as certified by the Broward County Associate Medical Examiner, identifies the

5

Manner of Death as "HOMICIDE" and the Cause of Death as "COMPLICATIONS OF AN ELECTRO-MUSCULAR DISRUPTION DEVICE," which is the formal description of a Taser.

*The Police "Investigation" and Ratification*

27.     Following Andre Reid's death, the Coconut Creek Police Department conducted an intentionally inadequate investigation into their officers' conduct. Indeed, the Department initially conducted no investigation at all. Witnesses to the beating and killing of Andre Reid were not even interviewed until more than five days after the incident. Coconut Creek officials refused to acknowledge that the incident had even occurred. When a Coconut Creek Police Officer called Andre Reid's roommate, the officer stated that Andre Reid had been found in a field, beaten up and in a coma -- a knowingly false statement.

28.     The Coconut Creek Police Department's plan to whitewash the homicide committed by its officers was foiled by the media, which reported Andre Reid's death and began its own efforts to speak with witnesses. The undersigned counsel likewise contacted witnesses to the beating and killing and requested public records.

29.     Chief Mann first spoke publicly about the beating and tasing of Andre Reid more than a week after it happened. When doing so, Chief Mann falsely reported that Andre Reid was threatening toward the officers. He then defended his officers' actions, stating that the Taser use was "necessary for the officers' safety as well as for Mr. Reid's own safety."

30.     Consistent with Chief Mann's public declaration of support for his police officers, which was made without any reasonable investigation and in direct contradiction of what the witnesses have reported, the Coconut Creek Police Department determined that its officers did

6

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

nothing wrong in their treatment of Andre Reid, thereby ratifying the gross misconduct of the four officers involved.

31.    None of the four officers was suspended, or subjected to any form of discipline, as a result of the incident, thereby further ratifying their gross misconduct.

32.    The response of the Coconut Creek Police Department to the beating and killing of Andre Reid reflects, and perpetuates, an existing policy of rubber-stamping officers' use of excessive force.

*A Family's Loss*

33.    Andre Reid was born in Greenville, South Carolina, on September 14, 1975, the first child of Calvin and Mamie Reid.  From childhood until the day he was killed, Andre Reid was an outgoing and friendly person.

34.    Andre Reid graduated from high school in Greenville and attended college.  But he then met a man who offered him a job selling meat.  Andre Reid took the job and eventually moved to Atlanta, Georgia.  He then moved, with the business, to South Florida roughly six years ago.  The business did well, and Andre Reid was a very successful salesman.

35.    Andre Reid remained in close contact with his parents, calling or texting almost every day.  He also came home to South Carolina in the summer and on holidays.

36.    Andre Reid fathered two sons, Christian Blake Cooper (born in 1999) and Zion Gabriel Reid (born in 2003).  Though the boys did not live with him, Andre Reid recognized a responsibility for their support, supported them, stayed in touch with them, and had a solid relationship with them.

7

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

37.     Andre Reid's survivors, as that term is defined in the Florida Wrongful Death Act, include his parents, Calvin and Mamie Reid, and his two minor children, Christian and Zion.  As a direct and proximate result of Andre Reid's death, Christian and Zion have suffered damages including the loss of parental companionship, instruction, and guidance, mental pain and suffering, and the loss of support and services.  Calvin and Mamie Reid have suffered mental pain and suffering, as well as the loss of support and services.  The Estate of Andre Reid has incurred the loss of earnings and net accumulations, as well as medical, funeral, and burial expenses.

### COUNT I – CIVIL RIGHTS VIOLATIONS
### (v. Officers Individually)

38.     Plaintiffs incorporate paragraphs 2 through 37 by reference.

39.     The actions of Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush during their encounter with Andre Reid occurred within the scope of their employment as police officers for the City and under color of state law.

40.     Each officer participated in illegally detaining, beating, and tasing Andre Reid without any objective basis to be in fear for his safety or the safety of others or any other reasonable justification for his actions, and likewise permitted his fellow officers to do the same.

41.     Their actions were motivated, at least in part, by racial animus.

42.     Sgt. Freeman and Sgt. Karp had supervisory responsibility at the scene.  They both personally participated in, and failed to intervene to stop, the constitutional violations.

43.     These officers knew or should have known that their individual and collective conduct violated Andre Reid's clearly established civil rights under the Fourth, Eighth, and Fourteenth Amendments.

8

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

44.     Any reasonable officer would be aware that this conduct violated Andre Reid's civil rights.

45.     The law prohibiting such conduct as unconstitutional was clearly established at the time.

46.     As a direct and proximate result of Defendants' violations of Andre Reid's civil rights, Andre Reid suffered physical injury, pain, suffering, emotional distress, disability, and death.

WHEREFORE, Plaintiffs demand judgment against Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush, jointly and severally, for all sums recoverable for a violation of 42 U.S.C. § 1983 causing injury and death, including compensatory damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. § 1988, the damages identified in paragraph 37, and such further relief as may be appropriate.

## COUNT II – 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS
### (v. City)

47.     Plaintiffs incorporate paragraphs 2 through 37 and 39 through 46 by reference.

48.     At all times material hereto, the City was responsible for the Coconut Creek Police Department, its agents and employees, including supervising, overseeing, training and establishing policies, customs, and procedures to conform their conduct to law.  Its final policymaker on these matters was Chief Mann.

49.     Section 943.1717(5) of the Florida Statutes reflects a recognition of the ongoing need to train law enforcement officers in the proper use of a Taser.

9

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

50.     The City adopted a policy, practice, and custom of deliberate indifference and a conscious disregard for the state law, for the need to train its law enforcement officers in the proper use of a Taser, and for the public danger created by ignoring the mandated training.

51.     Officers of the Coconut Creek Police Department used their Tasers on Andre Reid in a manner that violated the manufacturer's specifications and violated the training that would and should have been received.  Specifically, the officers tased Andre Reid in the chest, tased him in conjunction with battering him, and tased him simultaneously with multiple stun guns.

52.     The use of Taser force was unnecessary, improper, excessive, grossly unreasonable, and, ultimately, the cause of Andre Reid's death.

53.     The fact that four officers, including two veteran supervisors, acted in concert, with no one voicing any dissent as Andre Reid was killed, reflects that their actions were consistent with pre-existing departmental policy, practice, or custom.

54.     As a direct and proximate result of the City's policy, practice, and custom of ignoring state law, failing to train its officers in the proper use of a Taser, and tolerating the use of excessive force, Andre Reid was killed.

55.     Moreover, by intentionally failing and refusing to properly investigate the violations of Andre Reid's rights, and making public declarations of support for the officers without having conducted any meaningful investigation, the City, through Chief Mann, ratified, condoned, and consented to the unlawful conduct and Fourth, Eighth, and Fourteenth Amendment violations committed by Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush. Chief Mann approved his subordinates' decisions and the bases for them.

10

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

56.   The Coconut Creek Police Department thereafter completed its criminal "investigation" and fully exonerated the officers, all of whom have been returned to the Road Patrol Division with no imposition of discipline.

57.   Through its adoption of the policies, practices, and customs described herein, and through its acts of ratification and approval, the City is liable, under 42 U.S.C. § 1983, for the officers' constitutional violations.

WHEREFORE, Plaintiffs demand judgment against the City for all sums recoverable for a violation of 42 U.S.C. § 1983 causing injury and death, including compensatory damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. § 1988, the damages identified in paragraph 37, and such further relief as may be appropriate.

### COUNT III - Wrongful Death
### (v. City)

58.   Plaintiffs incorporate paragraphs 2 through 37 by reference.

59.   The conduct of Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush, as described herein, was a direct and proximate cause of the death of Andre Reid.

60.   Each of these officers was acting in the scope of his employment.

61.   These officers did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

62.   Pursuant to Florida Statute 768.28(9), the City is vicariously liable, but the officers are not personally liable, for the wrongful death of Andre Reid.

WHEREFORE, Plaintiffs demand judgment against the City for all sums recoverable under the Florida Wrongful Death Act, including damages for the losses identified in paragraph 37, costs, interest, and such further relief as may be appropriate.

11

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

## COUNT IV - Wrongful Death
### (v. Individual Officers)

63.     Plaintiffs incorporate paragraphs 2 through 37 by reference.

64.     The conduct of Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush, as described herein, was a direct and proximate cause of the death of Andre Reid.

65.     These officers acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

66.     The officers are personally liable for the wrongful death of Andre Reid.

WHEREFORE, Plaintiffs demand judgment against Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush, jointly and severally, for all sums recoverable under the Florida Wrongful Death Act, including damages for the losses identified in paragraph 37, costs, interest, and such further relief as may be appropriate.

## COUNT V - Assault and Battery
### (v. City)

67.     Plaintiffs incorporate paragraphs 2 through 37 by reference.

68.     Andre Reid suffered numerous harmful and offensive contacts, during his encounter with the Coconut Creek Police Department officers on or about February 22, 2015, that did not cause his death.

69.     Andre Reid was also placed in reasonable fear of imminent peril.

70.     Each officer who assaulted and/or battered Andre Reid was acting in the scope of his employment.

71.     The officers did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

12

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

72.     Pursuant to Florida Statute 768.28(9), the City is vicariously liable, but the officers are not personally liable, for assault and battery of Andre Reid.

73.     As a direct and proximate result of the acts of assault and battery, Andre Reid suffered damages, including bodily injury, pain and suffering, disability, disfigurement, mental anguish, emotional distress, humiliation, embarrassment, and loss of capacity of the enjoyment of life.

WHEREFORE, Plaintiffs demand judgment against the City for all sums recoverable for assault and battery, including compensatory damages, costs, interest, and such further relief as may be appropriate.

### COUNT VI - Assault and Battery
### (v. Individual Officers)

74.     Plaintiffs incorporate paragraphs 2 through 37 by reference.

75.     Andre Reid suffered numerous harmful and offensive contacts, during his encounter with the Coconut Creek Police Department officers on or about February 22, 2015, that did not cause his death.

76.     Andre Reid was also placed in reasonable fear of imminent peril.

77.     The officers acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

78.     The officers are personally liable for assault and battery of Andre Reid.

79.     As a direct and proximate result of the acts of assault and battery, Andre Reid suffered damages, including bodily injury, pain and suffering, disability, disfigurement, mental anguish, emotional distress, humiliation, embarrassment, and loss of capacity of the enjoyment of life.

13

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

WHEREFORE, Plaintiffs demand judgment against Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush, jointly and severally, for all sums recoverable for assault and battery, including compensatory damages, costs, interest, and such further relief as may be appropriate.

### COUNT VII - False Arrest/False Imprisonment (v. City)

80.     Plaintiffs incorporate paragraphs 2 through 37 by reference.

81.     Andre Reid was unreasonably and unlawfully restrained and deprived of his liberty, without his consent, against his will, and without legal authority.

82.     Each officer who falsely arrested and imprisoned Andre Reid was acting in the scope of his employment.

83.     The officers did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

84.     Pursuant to Florida Statute 768.28(9), the City is vicariously liable, but the officers are not personally liable, for the false arrest/false imprisonment of Andre Reid.

85.     As a direct and proximate result of the acts of false arrest and false imprisonment, Andre Reid suffered damages, including bodily injury, pain and suffering, disability, disfigurement, mental anguish, emotional distress, humiliation, embarrassment, loss of capacity of the enjoyment of life, and loss of liberty.

WHEREFORE, Plaintiffs demand judgment against the City for all sums recoverable for assault and battery, including compensatory damages, costs, interest, and such further relief as may be appropriate.

### COUNT VIII - False Arrest/False Imprisonment
### (v. Individual Officers)

86.     Plaintiffs incorporate paragraphs 2 through 37 by reference.

14

PDF created with pdfFactory trial version www.pdffactory.com

Printed with pdfFactory trial version - purchase at www.pdffactory.com

87.     Andre Reid was unreasonably and unlawfully restrained and deprived of his liberty, without his consent, against his will, and without legal authority.

88.     The officers acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

89.     The officers are personally liable for the false arrest and false imprisonment of Andre Reid.

90.     As a direct and proximate result of the acts of assault and battery, Andre Reid suffered damages, including bodily injury, pain and suffering, disability, disfigurement, mental anguish, emotional distress, humiliation, embarrassment, loss of capacity of the enjoyment of life, and loss of liberty.

WHEREFORE, Plaintiffs demand judgment against Sgt. Freeman, Sgt. Karp, Ofc. Eisenring, and Ofc. Rush, jointly and severally, for all sums recoverable for false arrest and false imprisonment, including compensatory damages, costs, interest, and such further relief as may be appropriate.

15

PDF created with pdfFactory trial version www.pdffactory.com

Printed with pdfFactory trial version - purchase at www.pdffactory.com

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all issues triable by jury.

DATED this 11th day of September, 2015.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mails: jsx@searcylaw.com; peq@searcylaw.com
Primary E-Mail: _QuinlanTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300; Fax: (561) 383-9451

Jarrett D. Blakeley
Florida Bar No.: 24227
Attorney E-Mail: jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys for Plaintiffs

16

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

      Plaintiffs,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

      Defendant,

_____/

## PLAINTIFFS' INITIAL REQUEST TO PRODUCE
## TO ALL DEFENDANTS

    Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of Calvon Andre Reid by and through the undersigned counsel, request, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, that Defendants, City of Coconut Creek, Sgt. David Feeeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush, produce and permit Plaintiffs to inspect and copy each of the following documents*:

    1.     Any and all documents (*) reflecting the use of cell telephones by Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush from February 21, 2015 through February 28, 2015.

    2.     Any and all documents (*) reflecting the contents of all emails, text messages, and other communications of any description, including, by, between or among Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush, which

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Request to Produce to Defendants
Page 2 of 7

communications relate directly or indirectly to any of the issues raised in this lawsuit, Calvon Andre Reid, the use of Tasers, any occurrence on or about February 21, 2013, or Taser training certifications (excluding only attorney-client privileged communication).

3.      Any and all video and audio recordings of any type or source that may depict any aspect of the incident claimed, and any and all video and audio recordings taken as part of any investigation following any interaction between any agent of the Coconut Creek Police Department and Calvon Andre Reid.

4.      All documents (*) generated by any agent of the Coconut Creek Police Department concerning any interaction between any agent of the Department and Calvon Andre Reid.

5.      All photographs and/or videos taken of the scene of said incident and all parties thereto, together with those documents necessary and sufficient to identify the person who took each photo and video.

6.      Critical incident team report with all attachments and comments made by any person whether a member of Coconut Creek Police Department or not.

7.      Any and all documents (*) that describe, comment on or otherwise relate in any way to the circumstance leading to the death or the investigation of the death of Calvon Andre Reid sent or received by any Defendant or any agent of any Defendant.

8.      Any and all documents (*) including any review and comments thereto by any person weather a Coconut Creek Police Department employee or not which were provided to the Broward County State Attorney's office and which in any way related to the death of Calvon Andre Reid.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Request to Produce to Defendants
Page 3 of 7

9.      Any and all documents (*) concerning psychological evaluations of Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush as part of their pre-employment screening or probationary assessment with the Coconut Creek Police Department.

10.      Any and all psychological tests, evaluations or recommendations of Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush from pre-employment to post-employment directed at determining their suitability and competence to return to work as a Coconut Creek Police Department employee.

11.      Any and all documents (*) reflecting or relating to the Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush's use of force during his entire period of employment with Coconut Creek Police Department.

12.      All documents (*) reflecting or relating to all training received by the Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush concerning the use of force, Taser use, Sudden In Custody Death Syndrome, Excited Delirium, and/or Positional Affixia.

13.      All documents (*) reflecting or relating to the policies, practices and procedures of the Coconut Creek Police Department on the use of force, on limitations on the right of law enforcement officers to stop and frisk, detain, question, or arrest individuals in the absence of probable cause to believe they have committed a crime, and on dealing with mentally, emotionally, or physically impaired individuals.

14.      A duplicate copy of every audio tape of citizen or witness communication with and Defendant concerning the incident in which Calvon Andre Reid was tased.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Request to Produce to Defendants
Page 4 of 7

15.     A duplicate copy of every audio tape of any communication involving Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush on the day that Plaintiff was tased, including their radio contact with the Communications division, Dispatch, and/or anyone else at Coconut Creek Police Department.

16.     All witness statements taken in connection with the investigation of the circumstances surrounding the death of Calvon Andre Reid, including (a) the audio CD of any and every interview of Defendants Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring and Ofc. Daniel Rush.

17.     All documents (*), including all audio and video recordings, relating to any incident occurring within the City of Coconut Creek, since January 1, 2011, in which any form of force was used against a citizen, including but not limited to a baton, a Taser, or a weapon.

18.     All documents (*) prepared by any member of the Coconut Creek Police Department, and any other internal and/or investigative reports, relating to any incident since January 1, 2011, in which a citizen was shot with any type of gun by a Coconut Creek Police Department officer.

19.     All documents (*) relating to any allegation, made by any citizen, since January 1, 2011, that any representative of Coconut Creek Police Department engaged in an inappropriate use of force, including (a) the complaint or other document reflecting the allegation, (b) all documents reflecting the manner in which such allegation was investigated, and (c) all documents reflecting the conclusion reached and/or any action taken by Coconut Creek Police Department regarding such allegation.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Request to Produce to Defendants
Page 5 of 7

20.     All documents (*), including internal communications, created since January 1, 2011, regarding the need to provide training to Coconut Creek Police Department on the appropriate use of force including but not limited to training in the use of Tasers.

21.     Any and all Taser-video from any Taser/stun gun used on Calvon Andre Reid.

22.     All documents (*) relating to all incidents since January 1, 2011, in which a member of the Coconut Creek Police Department shot or tased any person.

23.     All documents (*) reflecting any public statements made by any representative of the Coconut Creek Police Department concerning any shooting or tasing referenced in Request #22 (including whether the use of force was justified or reasonable under the circumstances).

24.     All documents (*) reflecting any discipline imposed against or training required of any officer as a result of any shooting or tasing referenced in Request #22.

25.     Any report generated by the State Attorney's Office regarding any shooting or tasing referenced in Request #22.

26.     All documents relating to any allegation, made by any citizen, since January 1, 2011, that any representative of the Coconut Creek Police Department engaged in an inappropriate or excessive use of force, including (a) the complaint or other document reflecting the allegation, (b) all documents (*) reflecting the manner in which such allegation was investigated, and (c) all documents (*) reflecting the conclusion reached and/or any action taken by the Coconut Creek Police Department regarding such allegation, including any discipline or other corrective action taken imposed as a result of the underlying incident.

27.     Documents (*) relating to any lawsuit filed since January 1, 2011, alleging that an officer from the Coconut Creek Police Department used excessive force and/or violated the civil

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Request to Produce to Defendants
Page 6 of 7

rights of any person, including but not limited to (a) the Complaint, (b) documents showing how the lawsuit was resolved, (c) if the lawsuit was settled, a copy of the settlement agreement, and (d) any discipline imposed or other corrective action taken as a result on the incident complained about in the lawsuit.

   28. All reports and documents (*) in reference to the FDLE form attached as Exhibit "A."

   *"Documents" shall include, but not be limited to all non-identical copies of writings, drawings, graphs, charts, photographs, phono-records, recordings, and/or any other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form. "Documents" also include all electronic data as well as application metadata and system metadata. All inventories and rosters of your information technology (IT) systems—e.g., hardware, software and data, including but not limited to network drawings, lists of computing devices (servers, PCs, laptops, PDAs, cell phones, with data storage and/or transmission features), programs, data maps and security tools and protocols.

   It is requested that the aforesaid production be made within forty-five days of service of this request at the offices of Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida. Inspection will be made by visual observation, examination and/or copying.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.:  CACE-15-014262
Initial Request to Produce to Defendants
Page 7 of 7

     I HEREBY CERTIFY that a true and correct copy of the foregoing will be served on this
Defendant with the Summons and Complaint.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mails:  jsx@searcylaw.com; peq@searcylaw.com
Primary E-Mail: _QuinlanTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300; Fax: (561) 383-9451

Jarrett D. Blakeley
Florida Bar No.: 24227
Attorney E-Mail: jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys for Plaintiffs

551

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

     Plaintiff,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

     Defendant,

_____/

### PLAINTIFFS' INITIAL INTERROGATORIES TO DEFENDANT SGT. DAVID FREEMAN

Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of Calvon Reid, hereby give notice that pursuant to Rule 1.340(e), Florida Rules of Civil Procedure, Initial Interrogatories numbered 1 through 12 have been directed to Defendant, Sgt. David Freeman, and served with the Complaint.

It is requested that the aforesaid Interrogatories be answered within forty-five (45) days after the service of this request, at the offices of Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

    I HEREBY CERTIFY that a true and correct copy of the foregoing will be served with

the Summons and Complaint.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mails:  jsx@searcylaw.com; peq@searcylaw.com
Primary E-Mail: _QuinlanTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300; Fax: (561) 383-9451

Jarrett D. Blakeley
Florida Bar No.: 24227
Attorney E-Mail: jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys for Plaintiffs

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

## PLAINTIFFS' INITIAL INTERROGATORIES TO
## DEFENDANT SGT. DAVID FREEMAN

1.      State all schools, Colleges, Universities attended by you, dates of attendance, and any degrees granted.

2.      State all places of employment from first to last with beginning and ending dates, and describe the reason for terminating each position, including specifically whether the termination was voluntary.

3.      Describe each circumstance in which you have ever been subjected to any negative employment evaluation, discipline, counselling or sanction, including the position of employment held at the time, when the relevant events occurred, and the names of all persons involved in conducting the evaluation and administering the discipline.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

4.      Identify any branch of the military in which you have served and:

(a)      state the dates of service and all locations stationed;

(b)      state your Military Occupational Specialties;

(c)      describe all specialized training you received in military service;

(d)      have you been deployed to any combat area. If so, state dates and location.

5.      Describe in detail any and all psychiatric or psychological evaluation, care and treatment you have received.

6.      If you have ever been told by any health care provider or psychologist that you were, are, or might be suffering with PTSD, identify the health care provider by name, specialty, and address, and give the dates of each contact with him/her.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

7.    State your dates of employment and assignments with Defendant COCONUT

CREEK POLICE DEPARTMENT during all periods of employment.

8.    During your employment as a law enforcement officer including but not limited to

your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe

in detail every incident in which you were involved in which you discharged a firearm,

discharged a Taser, or employed physical force to the extent of inflicting any physical injury, and

as to each such incident, include the date of the incident, the circumstances, the identity of all

persons involved, the role in the incident played by each individual, the nature of the force

employed by you, and the nature of any injury resulting from your use of force.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

9.      During your employment as a law enforcement officer including but not limited to
your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe
in detail every citizen complaint made against you, including the date of the incident that gave
rise to the complaint, the circumstances as alleged in the complaint, the identity of all persons
involved, the role in the incident played by each individual, and a description of the outcome of
the complaint.

10.      State the full name and occupation of any and all persons (other than any attorney
representing you in this proceeding) with whom you have communicated about any aspect of the
incident which is the subject matter of this complaint, state the date of the communications, the
manner of the communication (written, oral or electronic), and the substance of the
communication.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

11.     As to any press conferences or any other public statements made by Coconut Creek Police Department regarding an incident of use of force by a Coconut Creek Police Department Officer since January 1, 2011, state:

    a.    A description of the incident about which Coconut Creek Police Department representative made the statement;

    b.    The type of force used;

    c.    The substance of the statement that made;

    d.    When, where, and to whom the statement was made; and

    e.    The location and custodian of every copy of the statement, including any video clip or transcript.

12.     Describe in detail any training received by you while a law enforcement officer including training while employed by the Coconut Creek Police Department with regard to use of Tasers, use of force, avoidance of and restrictions on use of force, Sudden In Custody Death Syndrome, Excited Delirium and/or Positional Affixia, including the date and duration of each training session, whether any testing was involved, and whether any certification was issued reflecting satisfactory completion of the training.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Freeman

_____

STATE OF _____ )

COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by _____, who is personally known to me or who has produced_____ as identification and who did did/ not take an oath.

(SEAL)

_____
(Notary signature)

_____
(Notary name - print)
NOTARY PUBLIC, State of Florida

_____
(Serial number, if any)

Printed with pdfFactory trial version - purchase at www.pdffactory.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

      Plaintiff,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

      Defendant,

_____/

## PLAINTIFFS' INITIAL INTERROGATORIES TO
## DEFENDANT SGT. DARREN KARP

      Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of Calvon Reid, hereby give notice that pursuant to Rule 1.340(e), Florida Rules of Civil Procedure, Initial Interrogatories numbered 1 through 12 have been directed to Defendant, Sgt. Darren Karp, and served with the Complaint.

      It is requested that the aforesaid Interrogatories be answered within forty-five (45) days after the service of this request, at the offices of Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Karp

     I HEREBY CERTIFY that a true and correct copy of the foregoing will be served with

the Summons and Complaint.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mails:  jsx@searcylaw.com; peq@searcylaw.com
Primary E-Mail: _QuinlanTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300; Fax:  (561) 383-9451

Jarrett D. Blakeley
Florida Bar No.: 24227
Attorney E-Mail: jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys for Plaintiffs

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Karp

## PLAINTIFFS' INITIAL INTERROGATORIES TO DEFENDANT SGT. DARREN KARP

1.      State all schools, Colleges, Universities attended by you, dates of attendance, and any degrees granted.

2.      State all places of employment from first to last with beginning and ending dates, and describe the reason for terminating each position, including specifically whether the termination was voluntary.

3.      Describe each circumstance in which you have ever been subjected to any negative employment evaluation, discipline, counselling or sanction, including the position of employment held at the time, when the relevant events occurred, and the names of all persons involved in conducting the evaluation and administering the discipline.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Karp

4.      Identify any branch of the military in which you have served and:

(a)      state the dates of service and all locations stationed;

(b)      state your Military Occupational Specialties;

(c)      describe all specialized training you received in military service;

(d)      have you been deployed to any combat area. If so, state dates and location.

5.      Describe in detail any and all psychiatric or psychological evaluation, care and treatment you have received.

6.      If you have ever been told by any health care provider or psychologist that you were, are, or might be suffering with PTSD, identify the health care provider by name, specialty, and address, and give the dates of each contact with him/her.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Karp

7.    State your dates of employment and assignments with Defendant COCONUT CREEK POLICE DEPARTMENT during all periods of employment.

8.    During your employment as a law enforcement officer including but not limited to your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe in detail every incident in which you were involved in which you discharged a firearm, discharged a Taser, or employed physical force to the extent of inflicting any physical injury, and as to each such incident, include the date of the incident, the circumstances, the identity of all persons involved, the role in the incident played by each individual, the nature of the force employed by you, and the nature of any injury resulting from your use of force.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Karp

9.      During your employment as a law enforcement officer including but not limited to your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe in detail every citizen complaint made against you, including the date of the incident that gave rise to the complaint, the circumstances as alleged in the complaint, the identity of all persons involved, the role in the incident played by each individual, and a description of the outcome of the complaint.

10.     State the full name and occupation of any and all persons (other than any attorney representing you in this proceeding) with whom you have communicated about any aspect of the incident which is the subject matter of this complaint, state the date of the communications, the manner of the communication (written, oral or electronic), and the substance of the communication.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Karp

11.     As to any press conferences or any other public statements made by Coconut Creek Police Department regarding an incident of use of force by a Coconut Creek Police Department Officer since January 1, 2011, state:

    a.    A description of the incident about which Coconut Creek Police Department representative made the statement;

    b.    The type of force used;

    c.    The substance of the statement that made;

    d.    When, where, and to whom the statement was made; and

    e.    The location and custodian of every copy of the statement, including any video clip or transcript.

12.     Describe in detail any training received by you while a law enforcement officer including training while employed by the Coconut Creek Police Department with regard to use of Tasers, use of force, avoidance of and restrictions on use of force, Sudden In Custody Death Syndrome, Excited Delirium and/or Positional Affixia, including the date and duration of each training session, whether any testing was involved, and whether any certification was issued reflecting satisfactory completion of the training.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.:  CACE-15-014262
Initial Interrogatories to Defendant Karp

_____

STATE OF _____)

COUNTY OF _____)

     The foregoing instrument was acknowledged before me this _____ day of

_____, 20___, by _____, who is personally known to

me or who has produced_____ as identification and who did did/

not take an oath.

(SEAL)

_____
(Notary signature)

_____
(Notary name - print)
NOTARY PUBLIC, State of Florida

_____
(Serial number, if any)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

     Plaintiff,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

     Defendant,

_____/

## PLAINTIFFS' INITIAL INTERROGATORIES TO DEFENDANT OFC. THOMAS EISENRING

Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of Calvon Reid, hereby give notice that pursuant to Rule 1.340(e), Florida Rules of Civil Procedure, Initial Interrogatories numbered 1 through 12 have been directed to Defendant, Ofc. Thomas Eisenring, and served with the Complaint.

It is requested that the aforesaid Interrogatories be answered within forty-five (45) days after the service of this request, at the offices of Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.:  CACE-15-014262
Initial Interrogatories to Defendant Eisenring

     I HEREBY CERTIFY that a true and correct copy of the foregoing will be served with

the Summons and Complaint.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mails:  jsx@searcylaw.com; peq@searcylaw.com
Primary E-Mail: _QuinlanTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300; Fax:  (561) 383-9451

Jarrett D. Blakeley
Florida Bar No.: 24227
Attorney E-Mail: jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys for Plaintiffs

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Eisenring

## PLAINTIFFS' INITIAL INTERROGATORIES TO
## DEFENDANT OFC. THOMAS EISENRING

1.       State all schools, Colleges, Universities attended by you, dates of attendance, and any degrees granted.

2.       State all places of employment from first to last with beginning and ending dates, and describe the reason for terminating each position, including specifically whether the termination was voluntary.

3.       Describe each circumstance in which you have ever been subjected to any negative employment evaluation, discipline, counselling or sanction, including the position of employment held at the time, when the relevant events occurred, and the names of all persons involved in conducting the evaluation and administering the discipline.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Eisenring

4.    Identify any branch of the military in which you have served and:

(a)    state the dates of service and all locations stationed;

(b)    state your Military Occupational Specialties;

(c)    describe all specialized training you received in military service;

(d)    have you been deployed to any combat area. If so, state dates and location.

5.    Describe in detail any and all psychiatric or psychological evaluation, care and treatment you have received.

6.    If you have ever been told by any health care provider or psychologist that you were, are, or might be suffering with PTSD, identify the health care provider by name, specialty, and address, and give the dates of each contact with him/her.

PDF created with pdfFactory trial version www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Eisenring

7.      State your dates of employment and assignments with Defendant COCONUT

CREEK POLICE DEPARTMENT during all periods of employment.

8.      During your employment as a law enforcement officer including but not limited to

your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe

in detail every incident in which you were involved in which you discharged a firearm,

discharged a Taser, or employed physical force to the extent of inflicting any physical injury, and

as to each such incident, include the date of the incident, the circumstances, the identity of all

persons involved, the role in the incident played by each individual, the nature of the force

employed by you, and the nature of any injury resulting from your use of force.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.:  CACE-15-014262
Initial Interrogatories to Defendant Eisenring

9.      During your employment as a law enforcement officer including but not limited to your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe in detail every citizen complaint made against you, including the date of the incident that gave rise to the complaint, the circumstances as alleged in the complaint, the identity of all persons involved, the role in the incident played by each individual, and a description of the outcome of the complaint.

10.     State the full name and occupation of any and all persons (other than any attorney representing you in this proceeding) with whom you have communicated about any aspect of the incident which is the subject matter of this complaint, state the date of the communications, the manner of the communication (written, oral or electronic), and the substance of the communication.

PDF created with pdfFactory trial version www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Eisenring

11.    As to any press conferences or any other public statements made by Coconut Creek Police Department regarding an incident of use of force by a Coconut Creek Police Department Officer since January 1, 2011, state:

a.    A description of the incident about which Coconut Creek Police Department representative made the statement;

b.    The type of force used;

c.    The substance of the statement that made;

d.    When, where, and to whom the statement was made; and

e.    The location and custodian of every copy of the statement, including any video clip or transcript.

12.    Describe in detail any training received by you while a law enforcement officer including training while employed by the Coconut Creek Police Department with regard to use of Tasers, use of force, avoidance of and restrictions on use of force, Sudden In Custody Death Syndrome, Excited Delirium and/or Positional Affixia, including the date and duration of each training session, whether any testing was involved, and whether any certification was issued reflecting satisfactory completion of the training.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Eisenring

_____

STATE OF _____)

COUNTY OF _____)

     The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by _____, who is personally known to me or who has produced_____ as identification and who did did/ not take an oath.

(SEAL)

_____
(Notary signature)

_____
(Notary name - print)
NOTARY PUBLIC, State of Florida

_____
(Serial number, if any)

PDF created with pdfFactory trial version www.pdffactory.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-15-014262

CALVIN REID and MAMIE REID,
co-Personal Representatives of the
ESTATE OF CALVON ANDRE REID,

      Plaintiff,

vs.

CITY OF COCONUT CREEK,
SGT. DAVID FREEMAN,
SGT. DARREN KARP,
OFC. THOMAS EISENRING, and
OFC. DANIEL RUSH,

      Defendant,

_____/

## PLAINTIFFS' INITIAL INTERROGATORIES TO
## DEFENDANT OFC. DANIEL RUSH

Plaintiffs, Calvin Reid and Mamie Reid, co-Personal Representatives of the Estate of
Calvon Reid, hereby give notice that pursuant to Rule 1.340(e), Florida Rules of Civil Procedure,
Initial Interrogatories numbered 1 through 12 have been directed to Defendant, Ofc. Daniel
Rush, and served with the Complaint.

It is requested that the aforesaid Interrogatories be answered within forty-five (45) days
after the service of this request, at the offices of Searcy Denney Scarola Barnhart & Shipley,
P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Rush

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served with

the Summons and Complaint.

Jack Scarola
Florida Bar No.: 169440
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mails:  jsx@searcylaw.com; peq@searcylaw.com
Primary E-Mail: _QuinlanTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300; Fax: (561) 383-9451

Jarrett D. Blakeley
Florida Bar No.: 24227
Attorney E-Mail: jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

Attorneys for Plaintiffs

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.:  CACE-15-014262
Initial Interrogatories to Defendant Rush

## PLAINTIFFS' INITIAL INTERROGATORIES TO DEFENDANT OFC. DANIEL RUSH

1.      State all schools, Colleges, Universities attended by you, dates of attendance, and any degrees granted.

2.      State all places of employment from first to last with beginning and ending dates, and describe the reason for terminating each position, including specifically whether the termination was voluntary.

3.      Describe each circumstance in which you have ever been subjected to any negative employment evaluation, discipline, counselling or sanction, including the position of employment held at the time, when the relevant events occurred, and the names of all persons involved in conducting the evaluation and administering the discipline.

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Rush

4.     Identify any branch of the military in which you have served and:

(a)     state the dates of service and all locations stationed;

(b)     state your Military Occupational Specialties;

(c)     describe all specialized training you received in military service;

(d)     have you been deployed to any combat area. If so, state dates and location.

5.     Describe in detail any and all psychiatric or psychological evaluation, care and treatment you have received.

6.     If you have ever been told by any health care provider or psychologist that you were, are, or might be suffering with PTSD, identify the health care provider by name, specialty, and address, and give the dates of each contact with him/her.

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Rush

7.      State your dates of employment and assignments with Defendant COCONUT

CREEK POLICE DEPARTMENT during all periods of employment.

8.      During your employment as a law enforcement officer including but not limited to

your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe

in detail every incident in which you were involved in which you discharged a firearm,

discharged a Taser, or employed physical force to the extent of inflicting any physical injury, and

as to each such incident, include the date of the incident, the circumstances, the identity of all

persons involved, the role in the incident played by each individual, the nature of the force

employed by you, and the nature of any injury resulting from your use of force.

PDF created with pdfFactory trial version www.pdffactory.com

Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.:  CACE-15-014262
Initial Interrogatories to Defendant Rush

9.      During your employment as a law enforcement officer including but not limited to your employment with the Defendant COCONUT CREEK POLICE DEPARTMENT, describe in detail every citizen complaint made against you, including the date of the incident that gave rise to the complaint, the circumstances as alleged in the complaint, the identity of all persons involved, the role in the incident played by each individual, and a description of the outcome of the complaint.

10.      State the full name and occupation of any and all persons (other than any attorney representing you in this proceeding) with whom you have communicated about any aspect of the incident which is the subject matter of this complaint, state the date of the communications, the manner of the communication (written, oral or electronic), and the substance of the communication.

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Rush

11.    As to any press conferences or any other public statements made by Coconut Creek Police Department regarding an incident of use of force by a Coconut Creek Police Department Officer since January 1, 2011, state:

a.    A description of the incident about which Coconut Creek Police Department representative made the statement;

b.    The type of force used;

c.    The substance of the statement that made;

d.    When, where, and to whom the statement was made; and

e.    The location and custodian of every copy of the statement, including any video clip or transcript.

12.    Describe in detail any training received by you while a law enforcement officer including training while employed by the Coconut Creek Police Department with regard to use of Tasers, use of force, avoidance of and restrictions on use of force, Sudden In Custody Death Syndrome, Excited Delirium and/or Positional Affixia, including the date and duration of each training session, whether any testing was involved, and whether any certification was issued reflecting satisfactory completion of the training.

PDF created with pdfFactory trial version www.pdffactory.com
Printed with pdfFactory trial version - purchase at www.pdffactory.com

Reid, Calvon E/O vs. Coconut Creek Police Department, et al.
Case No.: CACE-15-014262
Initial Interrogatories to Defendant Rush

_____

STATE OF _____)

COUNTY OF _____)

    The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by _____, who is personally known to me or who has produced_____ as identification and who did did/ not take an oath.

(SEAL)

_____
(Notary signature)

_____
(Notary name - print)
NOTARY PUBLIC, State of Florida

_____
(Serial number, if any)

PDF created with pdfFactory trial version www.pdffactory.com

Printed with pdfFactory trial version - purchase at www.pdffactory.com