UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 15-62116-CIV-MORENO

CALVIN REID and MAMIE REID, )
co-Personal Representatives of the )
ESTATE OF CALVON ANDRE REID, )
)
Plaintiffs, )
)
v. )
)
CITY OF COCONUT CREEK, )
SGT. DAVID FREEMAN, )
SGT. DARREN KARP, )
OFC. THOMAS EISENRING, and )
OFC. DANIEL RUSH, )
)
Defendants. )

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION
OF RELATED STATE CRIMINAL INVESTIGATION AND PROSECUTION**

Defendants, City of Coconut Creek (the "City"), Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush (the "Officers") (collectively, the "Defendants"), by and through undersigned counsel, hereby move the Court for the entry of an order staying this civil action pending the resolution of the parallel criminal investigation and proceedings, and state as follows.

**I.   INTRODUCTION**

The Broward County State Attorney's Office is currently conducting a criminal investigation of Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush for the same alleged acts which form the basis of this case. Accordingly, it is anticipated that Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush will assert their Fifth Amendment privilege against self-incrimination in response any discovery

1

directed at them in this case. If the Officers do so, they risk an adverse judgment. Because of the nature of the claims against the City of Coconut Creek—based on the alleged actions of the Officers—the Officers' assertion of their Fifth Amendment privilege would prejudice the City in its defense. Thus, Defendants respectfully request that the Court stay all proceedings, including any discovery directed to Defendants, until the conclusion of the State's criminal investigation and Grand Jury proceedings.

## II.     BACKGROUND

On August 11, 2015, Plaintiffs, as co-Personal Representatives of the Estate of Calvon Andre Reid, filed this action in the Seventeenth Judicial Circuit in and for Broward County, Florida. On September 17, 2015, along with the Amended Complaint, Plaintiffs served Defendants with a request for production directed to all Defendants and four sets of interrogatories directed to each of the four Officers. On October 7, 2015, Defendants timely removed the action to this Court. [DE 1].

In the Complaint, Plaintiffs, in summary, allege that in the early morning of February 22, 2015, Andre Reid approached Perry Weiss in the parking lot of the Wynmoor Village retirement community. [DE 1-2, at 15]. Andre Reid asked if Mr. Weiss would call 911. *Id.* Mr. Weiss agreed and called 911. *Id.* Paramedics responded to Wynmoor Village, and subsequently, so did the Officers who are defendants in this case. *Id.* Plaintiffs allege that at no time was Andre Reid threatening, aggressive, or disrespectful toward the police. *Id.* Nonetheless, Plaintiffs claim that the Officers detained Andre Reid, held him against his will, threatened him, beat him, tased him, and drove him to the ground. [DE 1-2, at 16]. Plaintiffs allege the Officers held Andre Reid face down in the grass, then lifted him up from the ground and stood him on his feet, and proceeded to tase him again, with simultaneous shots in the chest, and threw him back down to the ground. *Id.* The Complaint alleges that as the Officers pushed his face into the grass, Andre Reid screamed, "I can't breathe, I can't breathe." *Id.* According to the Complaint, a few minutes later, one of the officers observed that Andre Reid was not breathing. *Id.* The paramedics attempted CPR, but Andre Reid did not respond. *Id.* He was loaded into an ambulance and taken to

Northwest Medical Center in Margate. *Id.* Plaintiffs claim Andre Reid died in the hospital two days later, as a result of the Taser-related injuries inflicted by the Officers. *Id.*

On February 22, 2015, the Office of the State Attorney of the Seventeenth Judicial Circuit opened an investigation of Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush for the same alleged acts which form the basis of this case.[1] This criminal investigation remains an active and ongoing investigation.

Defendants seek a stay of this litigation pending the resolution of the parallel criminal investigation and criminal proceedings, to allow them to fully participate in the defense of this case without being forced to waive their constitutional rights.

### III.   ARGUMENT

It is well-established that district courts have broad discretion in deciding whether to stay proceedings. *Ventura v. Brosky*, No. 06-22026, 2006 WL 3392207, at *1 (S.D. Fla. 2006) (citing *CTI-Container Leasing Corp. V. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). This discretion extends to the "stay a civil proceeding due to an active, parallel criminal investigation." *SEC v. HealthSouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). *See also United States v. Pinnacle Quest Int'l*, No. 3:08-cv-136-RV-EMT, 2008 WL 4274498, at *1–2 (N.D. Fla. Sept. 11, 2008) (staying government's civil tax evasion case pending resolution of an active, parallel criminal investigation).

In determining whether to exercise its authority to stay a civil action while a criminal investigation is proceeding, courts consider several factors, including:

> the extent to which the defendant's Fifth Amendment rights are implicated, the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiffs from delay, the burden any particular aspect of the proceedings may impose on the defendant, the efficient use of judicial resources, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation.

*Pinnacle Quest Int'l*, 2008 WL 4274498 at *2; *see also HealthSouth Corp.*, 261 F. Supp. 2d at

---

[1] The investigation was opened under case number SP15-03-019.

3

1326; *Arden Way Associates, et al. v. Boesky*, 660 F. Supp. 1494, 1496–97 (S.D.N.Y. 1987). More importantly, as this Court has recognized, "[t]he Eleventh Circuit has also created a test for these circumstances, stating that where there exists a concurrent civil and criminal proceeding, a court must stay a civil proceeding pending resolution of a related criminal prosecution when 'special circumstances' so require in the 'interests of justice.'" *Ventura*, 2006 WL 3392207, at *1 (citing *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994). That test is met where a defendant must choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings. *Id. See also Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994) (quoting *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir. 1990)).

Thus, courts in this Circuit routinely stay parallel civil proceedings in order to protect a pending criminal investigation or prosecution. *See, e.g.*, *Ventura*, 2006 WL 3392207, at *1–2 (staying and administratively closing civil case due to parallel criminal proceeding against defendant police department employee who would invoke his Fifth Amendment rights); *Gonzalez v. Israel*, No. 15–CIV–60060, 2015 WL 4164772, at *3 (S.D. Fla. July 9, 2015) (granting a stay of the civil proceedings where both the civil and criminal proceedings arise from identical circumstances where the officers are being charged criminally for the very acts the plaintiff claims give rise to civil liability and the issue of whether the officers' use of force against plaintiff was proper was a central issue to both actions); *Pinnacle Quest Int'l*, 2008 WL 4274498, at *1–2 (staying government's civil tax evasion case pending resolution of an active, parallel criminal investigation); *Lay v. Hixon*, No. 09–0075–WS–M, 2009 WL 1357384, at *4 (S.D. Ala. May 12, 2009) (staying civil proceeding in light of pending criminal case with considerable factual overlap and presenting significant prejudice to moving party); *Dean v. Douglas*, No. 5:12–CV–120, 2012 WL 6151137 at *4 (M.D. Ga. Dec. 11, 2012) (staying civil case upon "recognize[ing] that any discovery in this action would largely result in the same repeated insistence" of the Fifth Amendment and that "participating fully in civil discovery could cause irreparable harm and prejudice to Defendants in their criminal

4

defenses"); *Doe 1 v. City of Demopolis*, No. 09–0329–WS–N, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009) (staying where central facts and issues in civil and criminal matters were identical).[2]

In this case, the Fifth Amendment rights of Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush are clearly and greatly implicated. Invoking the Fifth Amendment privilege will not only impede Defendants' ability to defend this civil case but will render the Defendants impotent to defend themselves in this civil proceeding: it will prevent the Defendants from testifying about the circumstances surrounding the Officers' use of force against Andre Reid, which is the central issue to both the criminal investigation and this civil action.[3] Plaintiff would also seek an adverse inference against the Defendants as to this central information, establishing the facts for summary disposition of this case. Defendants must therefore choose between waiving their privilege against self-incrimination and losing this civil case in summary proceedings. Thus, the special circumstances warranting a stay are undoubtedly present in this case.

For these same reasons, the burden that denying a stay imposes on the Officers far outweighs the potential prejudice to Plaintiffs. Similarly, the significant prejudice would extend to the City, given that, without a stay, the City would be forced to defend this action without the crucial testimony of the Officers about the encounter between them and Andre Reid, which

---

[2] This is also consistent with the district court's approach to this issue in other circuits. *See, e.g., S.E.C. v. Downe*, 1993 WL 22126, *14 (S.D.N.Y.) (granting stay of SEC enforcement action pending federal grand jury investigation); *Board of Governors of Fed. Reserve Sys. v. Pharaon*, 140 F.R.D. 634, 641 (S.D.N.Y. 1991) (granting stay of Federal Reserve enforcement action pending state grand jury investigation); *United States v. Hugo Key and Son, Inc.*, 672 F. Supp. 656, 658–59 (D.R.I. 1987) (granting stay of civil action while Department of Justice considered bringing criminal proceeding based on certain allegations that were the subject matter of the civil action); *Founding Church of Scientology of Washington, D.C. v. Kelley*, 77 F.R.D. 378, 380-81 (D.D.C. 1977) (refusing to compel federal officials to answer interrogatories during pendency of federal grand jury investigation as "government's interest in preserving the secrecy of the ongoing criminal investigation outweighs the plaintiff/movants' need for this information").

[3] As noted in the Background section, Plaintiffs have already served discovery upon Defendants. Moreover, Plaintiffs have requested (albeit prematurely) to schedule the depositions of the Officers.

5

forms the basis of the claim against the City.

On the other hand, Plaintiffs would suffer no prejudice as a result of the stay. Any relief to which Plaintiffs would be entitled at the end of this case would still be available after the stay has expired. The only prejudice would come in the postponement of discovery, but as courts have recognized, any prejudice resulting from a stay of parallel civil proceedings is minimized by the fact that the parties will have appropriate opportunity for discovery at the conclusion of the criminal investigation or prosecution. *SEC v. Princeton Econ. Int'l Ltd.*, No. 99 Civ. 9667(RO), 2000 WL 193131, *2 (citing *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)). Indeed, the ongoing investigation and any resulting criminal proceedings will inevitably develop and preserve evidence of the circumstances at issue in this civil case for later use by the parties. *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) ("evidence gathered during the criminal prosecution can later be used in the civil action"). In fact, due to the ongoing criminal investigation, the State Attorney's Office has imposed restrictions on the disclosure of information relating to the incident; for instance, recorded statements, the Medical Examiner's Report, and physical evidence will be unavailable to the parties until conclusion of the criminal investigation. Indeed, due to concerns inherent in the criminal investigation process, citing section 112.533(4), Florida Statutes, the State Attorney's Office has warned the City against producing any information or documents furnished in connection with the State's investigation. The unavailability of the evidence and information during the course of the open criminal investigation prejudices in fact all parties.

Similarly, the interests of the public and persons not parties to the civil litigation would not be adversely affected by a stay. In fact, the public interest may be furthered by a stay, as the facts and circumstances surrounding the Officers encounter with Andre Reid—which has already been the subject of several newspaper articles and editorials—would be better evaluated by the Court and the public with the consideration of the Officers' testimony. Moreover, the absence of a stay would hinder the purpose of section 112.533 (which purpose furthers the public interest in

allowing the State to conduct a complete, unimpeded investigation).

Staying the civil proceedings during the pendency of the parallel criminal proceedings will also conserve judicial resources, which will not have to be expended resolving numerous discovery issues due to Defendants' assertion of their Fifth Amendment privilege in response to discovery. Staying proceedings conserves judicial resources and is appropriate where the "resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case." *United States v. Mellon Bank N.A.*, 545 F.2d 869, 873 (3d Cir. 1976).

In the end, "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Gonzalez*, 2015 WL 4164772, at *3. Here, the facts giving rise to the criminal investigation of the Officers are the exact same facts which form the basis of Plaintiffs' claims for civil liability.

## IV. CONCLUSION

As shown above, consideration of the relevant factors in this case weighs in favor of granting a stay. A stay is proper because neither Plaintiffs, the public, nor other persons would be prejudiced by a stay. The denial of a stay, however, would substantially and irreparably prejudice the Officers, as it would force them to either choose to waive their Fifth Amendment privilege or lose this case in summary proceedings, and would also substantially and irreparably prejudice the City, as it would require the City to proceed to defend the case without the essential testimony of the Officers. By granting a stay, the Court exercises its inherent discretionary power to assure the Plaintiffs, Defendants, and the public of a fair and just adjudication of this case.

WHEREFORE, Defendants, City of Coconut Creek, Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush, respectfully request that this Court enter an order staying the proceedings in this matter pending the outcome of the criminal investigation of the Officers and any ensuing criminal proceeding, and granting any and all further relief this Court deems proper.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3)(A), counsel for the Defendants hereby certifies that on October 26, 2015, he conferred with counsel for Plaintiffs regarding the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to do so.

Dated: October 27, 2015

Respectfully submitted,

/s/ Joan Carlos Wizel
Onier Llopiz (Fla. Bar No. 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (Fla. Bar No. 37903)
jcw@lydeckerdiaz.com
Colby E. Grossman (Fla. Bar No. 113295)
ceg@lydeckerdiaz.com
LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for the Defendants City of Coconut Creek, Sgt. David Freeman, Sgt. Darren Karp, Ofc. Thomas Eisenring, and Ofc. Daniel Rush*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/ Joan Carlos Wizel
Joan Carlos Wizel
Fla. Bar No. 37903

## SERVICE LIST

Jack Scarola, Esq.
jsx@searcylaw.com
Patrick E. Quinlan, Esq.
peq@searcylaw.com
QuinlanTeam@searcylaw.com
Searcey Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33409

*Counsel for Plaintiffs*

Terrill C. Pyburn, Esq.
TPyburn@coconutcreek.net
4800 W. Copans Road
Coconut Creek, FL 33063
Telephone: (954) 973-6797
Facsimile:  (954) 973-6790

*City Attorney for the
City of Coconut Creek*

Jarrett D. Blakeley, Esq.
jarrettblakeley@yahoo.com
Blakeley Law Firm, P.A.
1451 W Cypress Creek Road
Fort Lauderdale, Florida 33309

*Co-counsel for Plaintiffs*